# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No. **CV 19-968-JFW(MAAx)** | Date: March 1, 2019 |

Title: Southern California Orthopedic Institute, L.P -v- Diana Garcia

---

**PRESENT:**

    **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

    On February 8, 2019, Petitioner Southern California Orthopedic Institute, L.P. ("Petitioner") filed a Petition to Compel Arbitration Pursuant to Section 4 of the Federal Arbitration Act ("Petition to Compel Arbitration"), alleging that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

    Pursuant to Section 4 of the Federal Arbitration Act ("FAA"), "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. The FAA, however, "bestow[s] no federal jurisdiction but rather requir[es] an independent jurisdictional basis." *Hall Street Associates, LLC v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). "[A] federal court should determine its jurisdiction by 'looking through' a § 4 petition to the parties' underlying substantive controversy." *Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009).

    In this case, Petitioner alleges that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331(a), "because Ms. Garcia's allegations included in her November 27, 2018 demand letter assert potential violations of federal law, including the federal Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.*, among other statutes." Petition to Compel Arbitration at ¶ 7. Based on the pre-litigation demand letter, however, it does not appear that Respondent Diana Garcia ("Respondent") intends to allege any federal claims for relief when she files her state court lawsuit. Specifically, in her demand letter, counsel for Ms. Garcia states:

        My client's claims against Defendants include claims of discrimination and
        harassment on the basis of disability, in violation of the Fair Employment and

Housing Act ("FEHA"); retaliation for opposing or complaining of violations of rights under FEHA; failure to provide reasonable accommodations in violation of FEHA; failure to prevent discrimination, harassment, or retaliation in violation of FEHA; breach of implied-in-fact contract not to terminate employment without good cause; negligent hiring, supervision, and retention; wrongful termination of employment in violation of public policy; and intentional infliction of emotional distress.

Declaration of John M. Cowden at ¶ 2, Exhibit A. All of the claims listed in the demand letter are state law claims for relief. Nevertheless, Petitioner claims that Respondent alleges "possible violations of the federal Family Medical Leave Act," because her demand letter also states, *inter alia*:

> From February 17, 2017 to July 2017, Ms. Garcia took approximately one day off per week to take her husband to his doctor's appointments. The more days Ms. Garcia took off, the more Cook's attitude towards her began to change. Specifically, Cook began micromanaging Ms. Garcia by doublechecking her CPT coding, reviewing all invoices she sent out, and verifying all of her pre-certifications for patient prescriptions. Cook did not do this to the other six Patient Benefits Coordinators who did not take medical or FMLA leave.

Declaration of John M. Cowden at ¶ 2, Exhibit A.

This alleged conduct, however, does not necessarily mean that Respondent intends to allege a claim under the FMLA. Indeed, Respondent may merely use this conduct to support a state-law claim for relief, which clearly appears to be counsel's intent based on the claims he specifically lists at the outset of his demand letter. Moreover, the mere reference to the FMLA does not transform a state law claim for relief into a federal one. *See, e.g., Tam v. Qualcomm*, 300 F. Supp. 3d 1130, 1139 (S.D. Cal. 2018) ("[W]hen a wrongful termination claim, based on public policy, cites federal causes of action as the basis for public policy it does not transform the state cause of action into a federal one."); *Bonilla v. Star One Credit Union*, 2006 WL 8443118, at *2 (N.D. Cal. Apr. 28, 2006) (concluding that the federal FMLA was not necessary or central to Plaintiff's FEHA claim or her claim for wrongful termination in violation of public policy).

Accordingly, Petitioner is hereby ordered to show cause, in writing, no later than **March 5, 2019** why this action should not be dismissed for lack of subject matter jurisdiction. No oral argument on this matter will be heard unless otherwise ordered by the Court. *See* Fed. R. Civ. P. 78; Local Rule 7-15. The Order will stand submitted upon the filing of the response to the Order to Show Cause. Failure to respond to the Order to Show Cause will result in the dismissal of this action.

IT IS SO ORDERED.